UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIUS LINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-cv-1726-RLY-DKL |
| ) | |
| CAROLYN W. COLVIN, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

*Defendant's Motion to Dismiss or Alternatively
for Summary Judgment* **[dkt. 12]**

In this Cause, the plaintiff, Julius Linson, appeals the defendant Commissioner's final decision denying his application for disability benefits under the Social Security Act. Now before the Court is the Commissioner's motion to dismiss or, alternatively, for summary judgment, which argues that Plaintiff's complaint for judicial review is time-barred. The Honorable Richard L. Young, district judge, referred the Commissioner's motion to this magistrate judge for submission of a report and recommendation as to its appropriate disposition. *Order Referring Matter to Magistrate Judge* [dkt. 16]. Having considered the motion, the Court concludes that the Commissioner's motion to dismiss should be granted.

Plaintiff's application for benefits has a long history.[1] He submitted an application

---

[1] The following procedural background is taken largely from the last ALJ's decision. *Declaration of Robert Weigel*, Exhibit 1 [dkt. 13-1, pp. 8-9].

for benefits to the Social Security Administration ("SSA") in July 2000. In August 2001, an administrative law judge ("ALJ") granted benefits, finding that Plaintiff was disabled as of his alleged onset date of January 2000. Plaintiff then sought review from the SSA's Appeals Council, arguing for an earlier onset date in March 1994. The Appeals Council interpreted Plaintiff's request as both a request for review and a request to reopen his two earlier applications filed in 1993 and 1994 and denied both requests. Plaintiff filed a suit for judicial review in the Northern District of Indiana in July 2005 (Cause No. 3:05-cv-399-RLM-CAN). In March 2007, that court reversed the denial decision and remanded the case to the Commissioner. In November 2007, the ALJ on remand dismissed Plaintiff's application because he failed to appear at the hearing. In March 2008, the Appeals Council vacated that dismissal and remanded the application to an ALJ for further proceedings.

The ALJ issued his decision denying Plaintiff's application on July 14, 2010. *Declaration of Robert Weigel* [dkt. 13-1] ("*Weigel Dec.*") ¶ 4(b) and Exhibit 1. He found that Plaintiff was not disabled prior to his originally alleged onset date of January 2, 2000. *Id.* In a letter to the Appeals Council dated August 23, 2010, Plaintiff's counsel requested review of the ALJ's decision. *Id.* ¶ 4(b) and Exhibit 2. Counsel's letter also asked for a copy of the transcript and/or tapes of the hearing and stated that counsel might send additional comments after he reviewed that material. *Id.*, Exhibit 2. In a letter to counsel dated February 14, 2011, the Appeals Council enclosed the requested recordings and afforded Plaintiff twenty-five days to submit new and material evidence and/or a statement about

the facts and the law. *Id.* ¶ 4(b) and Exhibit 3. Not having received anything from Plaintiff beyond his counsel's original letter, the Appeals Council denied his request for review in a notice dated August 28, 2012. *Id.* ¶ 4(c) and Exhibit 4.[2] This notice advised Plaintiff that he had sixty days from receipt of the notice to file a civil action for judicial review and that the Appeals Council would assume that he received the notice five days after the August 28, 2012 date unless he showed a later date of receipt. The notice also advised Plaintiff that he could ask the Appeals Council to extend his time to file suit. *Id.*, Exhibit 4, p. 2. Plaintiff filed the present suit for judicial review on November 26, 2012. [Dkt. 1.]

The Social Security Act provides that a claimant may obtain judicial review of a final decision of the Commissioner by filing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By regulation, the Commissioner has generally allowed "such further time" for filing a civil action: the sixty-day period commences when a claimant *receives* notice of the Appeals Council's decision, rather than when the notice was *mailed* to him, 20 C.F.R. §§ 404.981 (disability insurance benefits), 416.1481 (supplemental security income benefits), 422.210(c) (general), and the date of receipt is rebuttably presumed to be five days after the date on the notice to the claimant, 20 C.F.R. §§ 404.901 (disability insurance benefits), 416.1401 (supplemental security income benefits),

---

[2] Rather than stating that review is denied, the notice states that, after considering Plaintiff's reasons for disagreeing with the ALJ's decision and all issues in the case, the Appeals Council "found no reason under our rules to assume jurisdiction." *Weigel Aff.*, Exhibit 4, p. 1. The Court assumes this finding is the same as denying Plaintiff's request for review of the ALJ's decision.

422.210(c) (general).[3]

In light of the foregoing law, it is readily apparent that Plaintiff's complaint was filed too late. Adding five days to the August 28, 2012 date on the Appeals Council's notice, it is assumed that Plaintiff received the notice on Sunday, September 2, 2013.[4] Not counting the day of receipt, Fed. R. Civ. P. 6(a)(1)(A), the sixty-day period for filing a civil action for judicial review began on Monday, September 3, 2012. Counting all days, including intermediate Saturdays, Sundays, and legal holidays, Fed. R. Civ. P. 6(a)(1)(B), the sixtieth day fell on Thursday, November 1, 2012, which day is counted as the last day of the period, Fed. R. Civ. P. 6(a)(1)(C). Thus, Plaintiff had until November 1, 2012 to file a civil action for judicial review of the Commissioner's final decision. Because Plaintiff's complaint was not filed until November 26, 2012, it is untimely.

Several other factors support the finding of untimeliness. The notice sent by the Appeals Council clearly explained the process, time limit, and opportunity for extensions of time for filing a civil action for judicial review. Plaintiff had previously filed a civil

---

[3] Some decisions have characterized the design of the Commissioner's regulations as defining the term "mailing to" in § 405(g) to mean "receipt by." See, *e.g.*, *Savoie v. Commissioner of Social Security*, Civil Action No. 13-0427, 2013 WL 3967167, *2 (W.D. Louis., July 31, 2013). The better construction is that the Commissioner exercised her statutory discretion to allow all claimants an extension of the time to appeal by calculating the commencement date of the sixty-day period from the date of receipt. *See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984); *Hunt v. Astrue*, No. 1:10-cv-141, 2012 WL 6761418, *1-2 (M.D. N. C., Dec. 31, 2012). The Commissioner also has discretion to allow additional extensions of time in specific cases.

[4] Fed. R. Civ. P. 6's calculation rules do not apply to the calculation of the five-day receipt assumption because it is defined by regulation, not the *Federal Rules of Civil Procedure*, local rule, court order, or statute. Fed. R. Civ. P. 6(a); *Tripp v. Astrue*, 864 F.Supp.2d 120, 122 (D. D.C. 2012).

action for judicial review in the Northern District of Indiana, demonstrating that he understood the requirements. The fact that Plaintiff eventually filed this suit, *albeit* late, demonstrates that he received the Appeals Council's notice, including its correct advices regarding judicial review. Finally, Plaintiff did not respond to the Commissioner's motion. The motion was filed on February 27, 2013, [dkt. 12], and Plaintiff was allowed until March 29, 2013 to file a response, [dkt. 14]. A one-page letter on a local clinic's letterhead and dated March 29, 2013 was sent to the Court. [Dkt. 15.] The letter is ostensibly from Plaintiff but was "Forwarded by Care Coordinator on his behalf" and bears only a case coordinator's signature as "witness." The letter states that Plaintiff is "currently an active client" with the clinic, that Plaintiff has stated that he has followed all proper procedures to ensure that the SSA grants disability, and that, if additional information is needed, the Court should feel free to request records from the clinic. If this letter was intended as a response to the Commissioner's motion, it is entirely insufficient.

The sixty-day time period is not jurisdictional; rather, it functions as a statute of limitations that is waivable by the parties. *Bowen v. City of New York*, 476 U.S. 467, 478-80, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990). The Commissioner did not waive the defense, having timely asserted it by the present motion.[5]

---

[5] Plaintiff's complaint was served on the United States Attorney for the Southern District of Indiana on December 5, 2012, [dkt. 6], on the United States Attorney General on December 7, 2012, [dkt. 7], and on the Regional Chief Counsel of the Social Security Administration on December 10, 2012 [dkt. 8]. See Fed. R. Civ. P. 4(i)(1) and (2); 20 C.F.R. § 423.1(a). The Commissioner had sixty days to answer. Fed.

For the reasons explained herein, this magistrate judge recommends that the Commissioner's *Motion to Dismiss or Alternatively for Summary Judgment* [dkt. 12] be granted and this Cause be dismissed.

**Notice regarding objections**

Within fourteen days after being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to de novo determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**DONE this date:** 08/27/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper, UNITED STATES ATTORNEY'S OFFICE, tom.kieper@usdoj.gov.
Julius Linson, 1032 N. Centennial Street, Indianapolis, Indiana  46222.

---

R. Civ. P. 12(a)(2). He entered an appearance on February 4, 2013, [dkt. 9], and obtained an extension of time to March 4, 2013 to answer or otherwise respond, [dkt. 11]. The Commissioner filed the present motion to dismiss, asserting 42 U.S.C. § 405(g)'s sixty-day limitation period, on February 27, 2012, [dkt. 12], well within his deadline to respond to the complaint.